Frazier, J.
This is a proceeding in error brought to reverse the judgment of the court of common pleas.
Mr. Swartout brings this action to recover for injuries sustained in crossing the track of the defendant, and in an amended petition he sets out that the plaintiff in error (defendant below) is the owner of a line of railroad, extending through the county of Ashtabula, and into and through the village of Conneaut, in said county, and that the road crosses what is known and called Broad street, in the village, at nearly right angles, and operates its railroad trains and locomotives over the street crossing.
*583 He also charges that the railroad company has permitted certain buildings and structures to be erected so as to cut off the view of the track, or of the approaching trains, and that they permitted box cars to stand upon the side track so as to cut off the view.
He then avers that at the time of the accident, the defendant, its agents and servants, in the operation of the train and locomotive by which he was injured, failed to sound the whistle of said locomotive, and that no whistle was blown or sounded at said crossing; that the locomotive and train were traveling at unreasonable and dangerous speed through the thickly populated pari; of the village, and defendant, its agents and servants, negligently failed to give plaintiff warning of the approach of the train, either by sounding the whistle, by having gates at said crossing, or by placing watchmen to inform parties and persons going over and upon the same, of the approaching train, and avers that the accident was caused and the injuries inflicted upon him solely on account of the carlessness and negligence of the defendant, its agents and servants, in the operation of the train and in the permission given to construct and have upon its right of way, in close proximity to its tracks, the buildings above mentioned, and in permitting box cars to stand upon the siding.
It is also averred in the petition that the train was a special, and not on the time card.
That at this point locomotive bells and whistles are almost constantly being rung and blown by the yard and other engines; and it is at times impossible to tell the direction of a locomotive or train by the bell or whistle.
The defendant answers, admitting that the train mentioned in the petition was not on the time card of the company, but denies that they were running at a high or unusual rate of speed; denies that its agents or servants had carelessly or negligently left standing upon the side *584 track, box cars or other cars; denies that cars or the buildings and structures mentioned in the petition, so obstructed the view that plaintiff: was unable to see the approaching train; denies that at this point locomotive bells and whistles are almost constantly being rung and blown by the yard and other engines; and that it is at times impossible to tell the direction of a locomotive or train by the bell or whistle; denies that said crossing mentioned in the petition is dangerous, and denies that defendant, its agents and servants, well knowing the premises and having no regard for the rights of the public upon the said street, have failed or neglected to have a watchman stationed there; but admits that no watchman was, or has been stationed there; admits that the plaintiff was struck by the locomotive while crossing the defendant’s track on said street, and received injuries; but denies that said locomotive was running at an undue or improper rate of speed, and denies that plaintiff was injured to the extent claimed; and denies each and every allegation of negligence or want of care, and further avers that the plaintiff, by his own negligence and carelessness contributed directly and proximately to the accident.
The defendant below presents eleven requests to charge, and it is stated that they were not given, except as given in the general charge, and after the charge was given, the defendant made these exceptions to the charge:
“First: — In not limiting the grounds of recovery to what is alleged in the petition as the sole cause of the injury.
“Second: — To the refusal to give in charge, the several written requests submitted by the defendant each proposition being excepted to separately.
“Third: — What the court said in reference to the maintaining of the crossing; for the reason that it is not alleged that the injury was caused by the omission of gates.
“Fourth: —To the charge as misleading and tending to confuse the jury.’-’ . , .
*585 Counsel for defendant in error claims the first and third exception raises the question urged in argument; that while it is stated in the petition that no flagman or gate was placed at the street crossing, it is not alleged as a ground of recovery, but probably as an excuse for the conduct of the plaintiff below; or in other words, to show he was not under the circumstances guilty of contributory negligence in going upon the track of the company, at the time and under the circumstances. We have heretofore held that a recovery cannot be had upon the ground alone, that the company failed to place a flagman or erect gates at a highway crossing,
Under what circumstances a railroad company in the management of its trains may make it necessary, or incumbent on it to place a flagman or gates at the crossing of its tracks, by a street or public highway, is discussed by our supreme court in Railway Company v. Schneider, 45 Ohio St., 678, where it is in effect held that a railroad company may, by the location of its tracks and by reason of the speed of its trains, make it necessary, and incumbent upon it, in the exercise of ordinary care,to place a flagman, or erect gates or bars, or take other equivalent precaution for the protection of persons passing upon the highway.
The question is raised in this case by the pleadings, and motion for a new trial, of the duty of a person, about to cross a known railroad track, to look out for dangers, and protect himself from personal injuries.
It is held in Ernst v. Hudson River Railroad Company, 39 New York, 61: ‘‘A traveler approaching a railroad track is required to use his eyes and his ears so far as there is opportunity, if he would avoid the imputation of negligence, even though the company may neglect the proper signals.” And Woodruff, J., on page 68, says:-“ A traveler approaching a railroad track is bound to use his eyes and ears, so far as there is opportunity, Negligence in the railroad com *586 pany in the giving of signals or in omitting precautions of any kind, will not excuse bis omission to be diligent in such use of his own means of avoiding danger; and where, by such use of his senses, the traveler might avoid danger, notwithstanding the neglect to give signals or warning, his omission is concurring negligence, and should be so peremptorily declared by the court; and where proof of this is clear, the plaintiff thus negligent should be non-suited. ”
In Pennsylvania Company v. Rathgeb, 32 Ohio St., 66, it is held: “Ordinary prudence requires that a person in the full enjoyment of the faculties of hearing and seeing, before attempting to pass over a known railroad crossing, should use them for the purpose of discovering and avoiding danger from an approaching train; and the omission to do so without a reasonable excuse therefor, is negligence, and will defeat an action by such person for an injury to which such negligence contributed.”
Wright, J., on page 72, says: “We think that the law must be considered as well settled, that the traveler approaching the crossing, must be upon the lookout for danger. Ordinary care requires that he must look and listen to see if a train is in the vicinity, and if he fails in this, it is not merely evidence of negligence to be considered by the jury; it is itself such negligence as will prevent a recovery.”
In Cleveland, Columbus, Cincinnati and Indianapolis Railroad Company v. Elliott, 28 Ohio St., 340, it is held: “The omission to ring the bell or sound the whistle at a public crossing is not of itself sufficient ground to authorize a. recovery, if the party, notwithstanding such omission, might, by the exercise of ordinary care, have avoided the accident. It is the duty of a traveler upon the highway, when approaching a railroad crossing, to make use of his senses to ascertain if there is a train in the vicinity; *587 and if, when in full possession of his faculties, he fails to see or bear anything, when a prudent man, exercising his eyes and ears, with ordinary care, would have discovered a train in close proximity, and he is thereby injured, he is guilty of such negligence as will prevent a recovery.”
On page 353, Wright, J,, says: “It is well said in Wharton on Negligence, section 382: ‘It is the duty of a person who attempts to cross a railroad to listen for signals, to notice all signs that may be put up as warnings, and to look up and down the road. It follows, therefore, that if a traveler by looking along the road could' have seen an approaching train in time to escape, it will be presumed, in case of collision, that he did not look, or looking, did not heed what he saw, and in such case the road under ordinary circumstances is not liable.’
‘‘The same author (p. 38á) says: ‘Where a person knowingly about to cross a railroad track, may have an unobstructed view of the railroad so far as to know of the approach of a train,and a sufficient time to clearly avoid any injury from it, he cannot, as a matter of law, recover, although the railroad company may have been also negligent, or have neglected to perform a statutory requirement.’ ”
In Pennsylvania Company v. Morel, 40 Ohio St., 338, it is held: ‘‘The fact that the view was obstructed did not excuse his neglect to stop and listen, it made his neglect to do so greater.”
There is some conflict in the evidence as to the speed of the train, and whether the whistle was sounded for this street crossing. The accident happened at midday, as plaintiff was going from dinner to his shop. He lived near the tracks of defendant’s railroad; he was familiar with all the surroundings; he passed over the crossing several times each day in goiDg to and returning from his shop to his residence He knew of the existence and effect of the structures complained of, that cars were left standing on *588 the siding; knew there was then ah engine or train in motion upon the defendant’s tracks.
Plaintiff claims that by reason of the surroundings it was difficult to tell by the sound of the whistle or by the noise or rumbling of the engine or train, in which direction it was coming.
His testimony shows that as he came to the track, he looked toward the east and had his face turned in that direction, and that he did not look to the west, but walked upon the tracks, and when he was about midway between the rails of the main track, he was struck by the engine of the special train approaching from the west, and thereby received his injuries.
The record clearly shows that if the plaintiff, after he crossed the siding upon which the cars were standing, and before he attempted to cross over the main track upon which he was injured, had looked to the west, his vision would have been unobstructed, and ha would have seen the approaching train, and might readily have avoided the •danger.
As the language of the court in the decision of a case is to be read in the light of the facts before it for decision, it-■may be well to suggest that in each of the cases cited in -this opinion the person injured was riding in a carriage or other vehicle,and in charge of a team of horses, and it is in view of this fact that the courts speak of discovering the -approaching train in time to avoid the danger.
In the case at bar, the plaintiff was traveling on foot, -with no encumbrance, and all he would have to do to avoid -the danger was to stop when he discovered the train in the ■line of his vision, as he would have done had he looked in ;the direction it was coming,
■ As to the charge of the court in Doll v. The State, 45 Ohio St., 445, Williams, J., says, on page 452, “It is well ■feettled in this state that the omission of the court to charge *589 the jury upon a particular question arising in a case is not erroneous, and cannot be made a ground of error, unless an instruction be requested, Jones v. State, 20 Ohio, 34.”
In Kirchner v. Myers, 35 Ohio St., 85, the action was by Mrs. Myers,under act of 1870 (67 Ohio Laws, 102), to recover for injury to her means of support by reason of the intoxication of her husband caused by liquor sold to him by Kirchner, and the resulting death of her husband. It having been held in Davis v. Justice, 31 Ohio St., 359, that damages on account of death cannot be recovered under the act, on page 92, Okey, J. says: ‘‘True, the request made in this case did not contain a correct statement of the law, and the court properly refused to charge as requested. It is also true that the failure to charge a correct proposition of law, pertinent to the case, will not, ordinarily, afford ground of reversal, if there was no request to charge such proposition. But here the attention of the court was directed by the counsel to the effect of death on the amount of the recovery, and the response was, not merely a refusal to charge as requested, but a statement to the jury that if the plaintiff was entitled to a verdict, ‘the amount must fully compensate her for all she has lost in her means of support, both present and future, ’ and no other allusion was made to the effect of death on the amount of the recovery. The jury were authorized under such a charge to take inti consideration the support.he might have rendered if death had not resulted in the way stated, which we have seen is opposed to Davis v. Justice, and hence the charge was not merely misleading, but under the circumstances, erroneous.”
In Lytle v. Boyer, 33 Ohio St., 506, on page 511, Ashburn, J., says: ‘‘The instructions asked may not be in the best possible form, yet they pertinently called the attention of the court to a material question in the case, upon which the defendant below had the right to have the *590 jury instructed. As the court refused to give the instructions as requested, which were substantially correct, and failed to instruct the jury on a material question in the case, we think the court erred.”
In the case at bar, the defendant’s request No. 9, is, “If the crossing is a dangerous one, and the plaintiff knew it, that fact made it all the more necessary for the plaintiff to use all bis faculties to avoid danger from an approaching train, aod if he failed so to exercise his faculties he cannot recover;” which the court not only refused to give, but charged that “the plaintiff was bound to use and exercise ordinary care and ordinary prudence. What would be ordinary prudence and ordinary care on the part of the plaintiff when he was about to cross this track, at a place where he could not see far up or down the track, where he was situated as the proof shows in this case, where all the circumstances existed that you find from the evidence existing in this case? What notice or knowledge had he of the aproach of any train? What did he do? How did he act? Did he exercise ordinary care? That is for the jury to say. What would a man of ordinary care, having the knowledge that he had,- having such notice as he had, of an approaching train, have done? What would ordinary care require of him, that he ought to do to protect himself from danger? That is for the jury to say, not for the court. Would ordinary prudence have required of him, if he heard a noise or received notice that a train was approaching somewhere, before he entered upon the track, to have looked and listened to see whether there was a train coming or not? Could he, from the position in which he was placed, before he reached the track where it was dangerous, have looked both ways and seen? Could he have done it? That is for you to say, and if he could, was he guilty of negligence in not doing it? What does the proof show he did do? Did he look both ways? These are all matters for the jury. *591 Take the facts just exactly as they appear to you, from the evidence,and then say, ‘Was he guilty of negligence which contributed to the injury, or did he fail to do what an ordinarily prudent person,situated as he was,with the same knowledge that he had, under the same circumstances would have done?’ It is all in a nut-shell, and you are the ones to determine whether or not he exercised ordinary care. If he did not exercise ordinary care, and such want of ordinary care contributed to the injury, then we say to you, that although the railroad company may have been guilty of negligence in the respects claimed in the petition, there can be no recovery in this case; but if the railroad company was negligent, and the plaintiff used and exercised ordinary care, then he could not be said to be guilty of contributory negligence.”
Theodore Hall, for Plaintiff.
Allen M. Cox, and Edward H. Fitch, for Defendant.
The charge is excepted to as misleading, and under the holding in Kirchner v. Myers, and Lytle v. Boyer, supra, we think not only misleading, but erroneous. The request was sufficient to call the attention of the court to the degree of care required of the plaintiff, and the defendant was entitled to have the jury charged in apt and appropriate words to the effect, that if the plaintiff, before he attempted to cross the track on which he was injured, could, by looking, have seen the approaching train, but failed to look, and by reason of such failure was injured, he cannot recover, which was not given in substance or effect.
We hold that the plaintiff, upon his own testimony and the uncontroverted facts in the case, is guilty of such negligence as will prevent a recovery. For this reason, and for error in the charge of the court, the judgment of the court of common pleas is reversed, and the cause remanded to that court for further proceedings.